UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHESAPEAKE TUNNEL JOINT VENTURE )<br>5700 Thurston Ave, Suite 102 )<br>Virginia Beach, VA 23455 )<br>   )<br>           Plaintiff, )<br>   )<br>v.   ) | Civil Action No.: _____ |
| BRASFOND USA CORPORATION )<br>1785 N. Geyers Chapel Road )<br>Wooster, OH 44691 )<br>   )<br>    Serve: CC&J Agents, Inc. )<br>           225 North Market St. )<br>           Wooster, OH 44691 )<br>   )<br>and )<br>   )<br>FIDELITY AND DEPOSIT COMPANY OF )<br>MARYLAND )<br>1299 Zurich Way )<br>Schaumburg, IL 60196 )<br>   )<br>    Serve: CSC-Lawyers Inc. Service Co. )<br>           7 St. Paul St. - Suite 820 )<br>           Baltimore, MD 21202 )<br>   )<br>and )<br>   )<br>ZURICH AMERICAN )<br>INSURANCE COMPANY )<br>1299 Zurich Way )<br>Schaumburg, IL 60196 )<br>   )<br>    Serve: Ms. Kathleen A. Birrane )<br>           Maryland Insurance Commissioner )<br>           Maryland Insurance Administration )<br>           200 St. Paul Place, Suite 2700 )<br>           Baltimore, MD 21202 )<br>   )<br>           Defendants. )<br>   ) | **INTERPLEADER COMPLAINT** |

Plaintiff Chesapeake Tunnel Joint Venture ("CTJV") by way of Complaint in Interpleader says:

## THE PARTIES

1. CTJV is a joint venture comprised of Dragados USA, Inc., a corporation organized under the laws of Delaware with its principal place of business located at 810 7th Avenue, 9th Floor, New York, NY 10019, and Schiavone Construction Company LLC, a limited liability company organized under the laws of New Jersey with its principal place of business located at 150 Meadowlands Parkway, 2nd Floor, Secaucus NJ 07094.

2. Upon information and belief, Brasfond USA Corporation ("Brasfond") is a corporation organized under the laws of Ohio with its principal place of business located at 1785 N. Geyers Chapel Road, Wooster, OH 44691.

3. Upon information and belief, Fidelity and Deposit Company of Maryland is a corporation organized under the laws of Maryland with its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196.

4. Upon information and belief, Zurich American Insurance Company is a corporation organized under the laws of New York with its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196. (Fidelity and Deposit Company of Maryland and Zurich American Insurance Company are collectively referred to as "Zurich").

## JURISDICTION

5. This Court has original jurisdiction over this Interpleader action pursuant to 28 U.S.C. § 1335, because the amount in controversy is greater than $500.00, and there is diversity of citizenship between the defendants.

#179867733_v4

## VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. § 1397 because it is the judicial district in which one of the defendants resides.

## RELEVANT BACKGROUND

7. On July 27, 2016, the Chesapeake Bay Bridge and Tunnel Commission ("CBBT") awarded a contract (the "Prime Contract") to CTJV to design and construct a portion of the Parallel Thimble Shoal Tunnel (the "Tunnel") in Virginia Beach, Virginia (the "Project").

8. CTJV and Brasfond entered into a subcontract dated May 10, 2017 (the "Subcontract") that required Brasfond to excavate and construct slurry walls for entrance and exit portals for the Tunnel.

9. Article 10 of the Subcontract required Brasfond to furnish performance and labor and material bonds for one hundred percent of the Subcontract price. Brasfond complied with this requirement and Zurich issued Performance Bond No. 9195545, naming CTJV as obligee and Brasfond as Principal (the "Performance Bond").

10. Brasfond provided Zurich with a General Agreement of Indemnity (the "GAI") to secure Brasfond's obligations to Zurich under the Performance Bond.

11. During the Project, CTJV and Brasfond asserted claims against each other under the terms of the Subcontract.

12. Ultimately, on January 17, 2019, CTJV terminated the Subcontract and made a demand on the Performance Bond.

13. Pursuant to the dispute resolution procedure in the Subcontract, CTJV, Brasfond and Zurich attempted to resolve their disputes through mediation but the mediation was unsuccessful.

14. In November 2019, CTJV commenced an arbitration against Brasfond with the American Arbitration Association ("AAA"), which was assigned Case No. 01-19-0004-0820 (the "Arbitration"), seeking damages from Brasfond resulting from Brasfond's alleged breaches and defaults under its Subcontract (the "CTJV Arbitration Claim").

15. Brasfond responded to CTJV's Arbitration Claim by denying liability and asserting a counterclaim against CTJV (the "Brasfond Arbitration Counterclaim").

16. On June 30, 2020, CTJV filed an Amended Request for Arbitration stating its claim against Zurich (the "Performance Bond Claim").

17. Prior to the hearings in the Arbitration, CTJV and Zurich entered into a confidential settlement agreement resolving CTJV's Performance Bond Claim.

18. By order of the arbitrators, the Arbitration was bifurcated. The Arbitration hearings concerning liability were held in February 2021 and the hearings concerning damages were held in February 2022.

## FACTS SUPPORTING INTERPLEADER

19. On October 18, 2022, the arbitrators issued the final award in full settlement of all claims, counterclaims, defenses and set-offs submitted in the Arbitration (the "Final Award"). The Final Award implemented and awarded certain damages based on the arbitrators' interim decisions finding that (i) CTJV was justified in terminating a portion of Brasfond's Subcontract for default, and (ii) Brasfond was entitled to additional payments under the Subcontract. The net amount of the Final Award requires CTJV to pay Brasfond $5,602,758.97 within thirty (30) days of the Final Award ("Arbitration Payment") or interest on such amounts will begin to accrue. *See* Exhibit 1.

20.	On November 3, 2022, counsel for Zurich demanded that CTJV should direct payment of the Arbitration Payment to Zurich instead of Brasfond by virtue of the GAI.  *See* Exhibit 2.

21.	According to Zurich, under the terms of the GAI, Brasfond is obligated to exonerate, indemnify and hold Zurich harmless from any and all liability and loss, sustained or incurred, arising from or related to the Performance Bond.  A copy of the GAI is attached to Zurich's November 3, 2022 letter at Exhibit 2.  Zurich further informed CTJV that Brasfond assigned its rights to all sums which are or may become payable in connection with the Subcontract in order to secure Brasfond's obligations under the Performance Bond.

22.	According to Zurich, Zurich incurred losses under the Performance Bond in excess of seven million five hundred thousand dollars ($7,500,000).

23.	Zurich also informed CTJV that under applicable law, CTJV could not discharge its obligation under any judgment awarded in Brasfond's favor by making payment to Brasfond.  Instead, CTJV could only be discharged from such obligation by making payment of the Arbitration Payment to Zurich.

24.	On November 3, 2022, counsel for Brasfond, sent an email to counsel for CTJV in response to the letter from Zurich.  In Brasfond's counsel's email, he disputed Zurich's entitlement to the Arbitration Payment and stated that if payment were made to Zurich, Brasfond would move to confirm the Final Award in Federal Court and stated, "In that event, CTJV could very well end up paying the award twice."  Brasfond's counsel's email suggested that this interpleader action would avoid the risk of CTJV being subject to multiple liability for the Arbitration Payment.  *See* Exhibit 3.

#179867733_v4

25. CTJV has not yet paid the Arbitration Payment due to the conflicting claims between Brasfond and Zurich.

## THE APPROPRIATENESS OF INTERPLEADER

26. CTJV claims no title to or interest in the Arbitration Payment and is ready and willing to pay the Arbitration Payment to the party entitled to it, but CTJV is unable to make that determination without exposing itself to multiple liability on account of the competing claims made by or available to the defendants.

27. CTJV has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigations on the part of the defendants as to the Arbitration Payment.

28. CTJV is a mere stakeholder in this action, having and claiming no interest in the Arbitration Payment.  CTJV is ready and willing to deposit the Arbitration Payment into the Court, or with a person duly authorized by the Court to receive it.

## PRAYER FOR RELIEF

WHEREFORE, CTJV respectfully requests that this Court grant the following relief:

A. Directing CTJV to deposit the Arbitration Payment into the Court or to such person as the Court directs;

B. Directing the Defendants to interplead their rights to such sum;

C. Restraining the Defendants, and each of them, from instituting or prosecuting any proceeding in any state or United States Court in connection with the payment of the Arbitration Payment;

D. Discharging CTJV from any and all liability to the Defendants arising out of the matter set forth herein upon payment of the Arbitration Payment; and

#179867733_v4

E.  Such other relief as the Court deems just and proper.

Dated: November 4, 2022

HOLLAND & KNIGHT LLP

*Attorneys for Chesapeake Tunnel Joint Venture*

By: *s/Stephen B. Shapiro*
    Stephen B. Shapiro
      Bar No. 09213
    Gregory H. Koger
      Bar No. 15079
    800 17th Street, N.W., Suite 1100
    Washington, D.C. 2006
    Tel: (202) 955-3000
    Fax: (202) 955-5564
    stephen.shapiro@hklaw.com
    gregory.koger@hklaw.com
